IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EDWINA L. PRUITT, | ) | |
| | ) | Case No. 3:17-cv-01048 |
| Plaintiff, | ) | |
| | ) | Judge Crenshaw |
| v. | ) | |
| | ) | Magistrate Judge Newbern |
| CHSPSC, LLC, | ) | Jury Demand |
| | ) | |
| Defendant. | ) | |

## AMENDED COMPLAINT

For her Amended Complaint against defendant CHSPSC, LLC. ("defendant"), plaintiff Edwina L. Pruitt ("plaintiff") states:

### PARTIES

1.  Plaintiff is employed by defendant at defendant's corporate offices located within the Middle District of Tennessee.

2.  Defendant is a Delaware corporation with its principal place of business at 4000 Meridian Boulevard, Franklin, Williamson County, Tennessee 37067-6325. Defendant has been served with process.

3.  Defendant operates for-profit, acute care hospitals throughout the United States. At all relevant times, defendant employed more than 15 individuals, including plaintiff.

### JURISDICTION AND VENUE

4.  This is an action for damages and equitable relief for unlawful employment practices. Plaintiff brings her claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*., ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"). The

Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

5. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and has received a Notice of Right to Sue ("Notice") from the EEOC. A copy of the Notice is attached to this Complaint.

**FACTS**

6. Plaintiff is an African-American individual who has been employed by defendant since November 2011 at defendant's corporate offices in the Middle District of Tennessee.

7. Plaintiff performed her job for defendant in an excellent manner and did not receive any disciplinary action during her employment.

8. During plaintiff's employment, defendant discriminated against plaintiff because of her race with respect to the terms, conditions and privileges of employment, including paying plaintiff less than similarly situated non-African-American employees; not promoting plaintiff or providing her pay increases as it did non-African-American employees; providing plaintiff less valuable benefits than similarly situated non-African-American employees; removing plaintiff from a job she had held and satisfactorily performed for more than three years and replacing her in it with a Caucasian individual and making discriminatory and derogatory comments to plaintiff, all because of race.

9. During plaintiff's employment, defendant created, allowed, maintained and failed to remedy a racially hostile work environment that altered the conditions of plaintiff's employment. Plaintiff was subjected to racially derogatory comments and subjected to mistreatment and disparate treatment as compared to her Caucasian colleagues by defendant's non-African-American managerial agents.

10. Defendant further retaliated against plaintiff because of her opposition to defendant's racially offensive and unlawful conduct. Plaintiff complained about defendant's non-African-American managers' discriminatory conduct. Defendant took no corrective or remedial action. Instead, defendant's Caucasian managers subjected plaintiff to retaliatory harassment

11. As a result of defendant's conduct as described in this complaint, plaintiffs have suffered damages.

**Claims for Race Discrimination, Racially Hostile Work Environment, and Retaliation**

12. Plaintiff hereby incorporates and realleges the factual averments as set forth in paragraphs 1 through 11 herein.

13. Defendant discriminated against plaintiff in the terms, conditions and privileges of her employment because of her race and/or in retaliation for her opposition to defendant's racially offensive and unlawful conduct, including racially derogatory comments and other mistreatment.

14. Defendant created, allowed, maintained and failed to remedy a racially hostile work environment that altered the conditions of plaintiff's employment.

15. Defendant retaliated against plaintiff because of her opposition to defendant's racially offensive and unlawful conduct.

16. As a result of its conduct, defendant is liable to plaintiff in an amount to be determined by the jury for the damages plaintiff has suffered.

17. As a result of its conduct, defendant is also liable for punitive damages and for plaintiff's attorneys' fees and costs.

18. As a result of its conduct, defendant is obligated to make plaintiff whole for all lost earnings and benefits.

**WHEREFORE,** premises considered, plaintiff demands the following relief:

1. A jury trial and entry of judgment in her favor;

2. Back pay and damages for lost benefits;

3. Compensatory damages for embarrassment and humiliation, emotional pain and suffering and mental anguish, stress and anxiety, inconvenience, and loss of enjoyment of life;

4. Instatement to a promotion position or, alternatively, front pay and damages for lost benefits;

5. Punitive damages;

6. Attorneys' fees and expenses;

7. Prejudgment interest and, if applicable, post judgment interest; and

8. Such other and further legal or equitable relief to which she may be entitled.

Respectfully submitted,

/s/ Stephen W. Grace
Stephen W. Grace (BPR No. 14867)
Delain L. Deatherage (BPR No. 22473)
1019 16th Avenue, South
Nashville, Tennessee 37212
(615) 255-5225
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

      I certify that I electronically filed the foregoing Amended Complaint with the clerk of the court by using the CM/ECF system, which will send a notice of Electronic Filing to all parties of record, including:

Charles J. Mataya, Esq.
John P. Rogers, Esq.
Matthew C. Lonergan, Esq.
Bradley Arant Boult Cummings LLP
1600 Division Street
Suite 700
Nashville, TN 37203-0025
(615) 244-2582

      This the 21st day of August, 2017.

      /s/ Stephen W. Grace